IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTINE ALBIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:12cv716-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

On August 15, 2012, federal inmate Christine Albin ("Albin") filed this *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Doc. No. 1.  Albin challenges her 2007 guilty-plea convictions and sentence for conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of a firearm in relation to a drug-trafficking crime, in violation 18 U.S.C. § 924(c).  The government maintains Albin's § 2255 motion is time-barred because it was filed after expiration of the one-year limitation period.  Doc. No. 3.  The court concludes the government is correct and that the § 2255 motion should be denied because it was not filed within the time allowed by federal law.

**II.  DISCUSSION**

**A.    One-year Limitation Period**

The timeliness of Albin's § 2255 motion is governed by 28 U.S.C. § 2255(f).  That

section provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting  the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On September 25, 2007, Albin pled guilty under a plea agreement to conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of a firearm in relation to a drug-trafficking crime, in violation 18 U.S.C. § 924(c).  On December 4, 2007, she was sentenced to 138 months in prison (78 months for the conspiracy count followed by a consecutive term of 60 months for the § 924(c) count).  Judgment was entered by the district court on December 13, 2007.  Albin took no appeal.  Therefore, her conviction was "final" on December 23, 2007.[1]  Under 28 U.S.C. § 2255(f)(1),

---

[1] *See* Fed. R. App. P. 4(b)(1).  When judgment was entered in Albin's case, Rule 4(b)(1)
(continued...)

Albin had until December 23, 2008, to file a timely § 2255 motion.  Her § 2255 motion filed on August 15, 2012, is untimely under § 2255(f)(1).

Albin maintains her § 2255 motion is timely – presumably under 28 U.S.C. § 2255(f)(3) – because it was filed within one year after the Fourth Circuit Court of Appeals' decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).  *See* Doc. No. 1 at 10. In *Simmons*, the Fourth Circuit applied *Carachuri–Rosendo v. Holder*, 560 U.S. 563 (2010), to find that a federal defendant's prior North Carolina conviction for non-aggravated, first-time marijuana possession was for an offense not "punishable by imprisonment for a term exceeding one year," and thus did not qualify as a predicate felony conviction for purposes of the Controlled Substances Act.  *Simmons*, 649 F.3d at 248-49.  *Carachuri*, which was decided by the Supreme Court in June 2010, dealt with under what circumstances a prior conviction for simple possession of a controlled substance can constitute an "aggravated felony" under 8 U.S.C. § 1229b(a)(3).   The Supreme Court held that the statutory enhancements for recidivism regarding simple possession under 18 U.S.C. § 844 do not render a prior conviction a conviction for an aggravated felony, where recidivism is demonstrated by the record but not actually alleged or raised, 560 U.S. at 577-82, and that

---

[1](...continued)
provided that a defendant's notice of appeal in a criminal case must be filed in the district court within 10 days after entry of the district court's judgment.  *See, e.g.*, *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final 10 days after the district court's judgment is entered); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004) (a federal criminal judgment that is not appealed becomes final for the purpose of § 2255 ten days after it is entered, when the time for filing a direct appeal expires).  Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within 14 days after entry of the district court's judgment.

a federal court "cannot, *ex post*, enhance the state offense of record just because facts known to it would have authorized a greater penalty under either state or federal law," *id.* at 576-77.

In seeking to "extend" the limitation period for filing her § 2255 motion, Albin appears to allege her sentence is unlawful under the holdings of *Carachuri* and *Simmons*, an allegation predicated on her apparent belief that one of the crimes of which she was convicted in this court in 2007 was possession of a firearm as a convicted felon[2] and that, under *Carachuri* and *Simmons*, the prior predicate conviction for the felon-in-possession charge was not a felony. *See* Doc. No. 1 at 10. The simple answer to this claim is that Albin was *not* convicted in this court in 2007 for possession of a firearm as a convicted felon. Rather, the firearm offense to which she pled guilty in 2007 was possession of a firearm in relation to a drug-trafficking crime, a violation 18 U.S.C. § 924(c). A prior predicate felony is not an element of that offense. *Carachui* and *Simmons* are inapplicable to Albin's 2007 convictions in this court.[3]

In an amended pleading (Doc. No. 5), Albin says she is actually innocent of the crime of possession of a firearm in relation to a drug-trafficking crime to which she pled guilty. Actual innocence may provide a "gateway" to review of an otherwise time-barred § 2255 claim. *See House v. Bell*, 547 U.S. 518, 536-37 (2006).

---

[2] *See* 18 U.S.C. § 922(g)(1).

[3] Albin's reliance on *Carachuri* and *Simmons* to extend the limitation period through § 2255(f)(3) also fails because *Carachuri* was decided more than a year before she filed her § 2255 motion and does not apply retroactively, *see Stewart v. Warden, FCC Coleman–Low*, 2012 WL 45421, *1 (M.D. Fla. Jan. 9, 2012), and *Simmons* is not a Supreme Court decision.

Albin argues that under *Bailey v. United States*, 516 U.S. 137 (1995), her conduct did not establish criminal liability under 18 U.S.C. § 924(c), particularly because she did not "actively employ" a firearm during the alleged drug-trafficking crime.  Doc. No. 5.  In *Bailey*, the Supreme Court held that a conviction under the "use" prong of § 18 U.S.C. 924(c) requires the government to demonstrate "active employment" of the firearm, not its mere possession, during and in relation to the drug-trafficking crime.  516 U.S. at 143-44.  However, the pre-1998 version of § 924(c) made it an offense only to use or carry a firearm during and in relation to the drug-trafficking crime.  The *Bailey* decision's narrow interpretation of "use" under § 924(c) prompted Congress to amend the statute in 1998 to add language directed to *possessing* a firearm "in furtherance of" the predicate crime.  *See United States v. Timmons*, 283 F.3d 1246, 1252 (11th Cir. 2002).  Albin's offense and indictment occurred after the 1998 revision of the statute.

There are two ways to violate § 924(c):  the statute makes it an offense to **either** (1) use or carry a firearm during and in relation to a crime of violence or drug trafficking crime **or** (2) possess a firearm in furtherance of such crime.  *See Timmons*, 283 F.3d at 1250-53; *United States v. Daniel*, 173 F. App'x 766, 770 (11th Cir. 2006) ("Thus, there are two separate ways to violate the statute: to use or carry a firearm during and in relation to a drug trafficking crime or to possess a firearm in furtherance of a drug trafficking crime.").

In pleading guilty, Albin acknowledged she knowingly used and carried, during and in relation to, and possessed a firearm in furtherance of, a drug-trafficking crime.  Gov. Ex. B at 8.  The facts underlying Albin's guilty plea showed she was arrested while driving a car

carrying large amounts of methamphetamine and cocaine and that a Glock 9mm pistol was found inside the car. *See* Case No. 2:06cr213-MEF, Doc. No. 153 at 4-5. Albin acknowledged she trafficked methamphetamine and cocaine. Gov. Ex. B at 8.

To establish that a firearm was possessed "in furtherance" of a drug trafficking crime, the government must show "'some nexus between the firearm and the drug selling operation.'" *Timmons*, 283 F.3d at 1253 (quoting *United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001)). "The nexus between the gun and the drug operation can be established by '. . . accessibility of the firearm, . . . proximity to the drugs or drug profits, and the time and circumstances under which the gun is found.'" *Id*. (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000)).

Moreover, for purposes of the other method of violating § 924(c), it is well settled that the phrase "carries a firearm" applies "to a person who knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car, which the person accompanies." *Muscarello v. United States*, 524 U.S. 125, 126-27 (1998); *see also United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005) ("A defendant carries a firearm if it is carried directly on his person or carried in his vehicle."). To prove the "in relation to" requirement of the statute, the government must demonstrate that the firearm had "some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Smith v. United States*, 508 U.S. 223, 238 (1993). "The gun at least must facilitate, or have the potential of facilitating, the drug trafficking offense." *Id*. (citations and internal punctuation omitted); *see also Frye*, 402 F.3d

at 1128.

Here, the proximity of the gun to the drugs Albin was trafficking established a nexus sufficient to prove a violation of § 924(c).  Moreover, the firearm had at least the potential of facilitating the drug-trafficking offense.  *Smith*, 508 U.S. at 238; *Frye*, 402 F.3d at 1128.  Thus, there was a sufficient basis to establish that Albin's conduct subjected her to criminal liability under both methods of proving a violation of § 924(c).  Albin's cursory argument cannot establish her actual innocence, and her assertion of actual innocence provides no gateway for review of her time-barred claims.

In sum, Albin's § 2255 motion is untimely under § 2255(f)(1).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied as it was not filed within the controlling federal limitation period and that this case be dismissed with prejudice.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 8, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

      Done this 25th day of August, 2014.

                            /s/ Wallace Capel, Jr.
                            WALLACE CAPEL, JR.
                            UNITED STATES MAGISTRATE JUDGE