IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTINE ALBIN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | CASE NO. 2:12-cv-716-WHA<br><br>(WO) |

**<u>ORDER</u>**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #17), entered on August 25, 2014, and the Petitioner's Objection (Doc. #18), filed on September 11, 2014. After conducting an independent evaluation and *de novo* review of this case, the court finds the objection to be without merit.

Christine Albin has filed objections to the Recommendation that her 28 U.S.C. § 2255 be dismissed as time-barred. While she does not except to the court's calculation finding her motion to be tardy, she does except to the court's rejection of her claim of actual innocence – which, if valid, would have excused the tardiness of her § 2255 motion.

Albin pled guilty to conspiracy to distribute controlled substances and possession of a firearm in relation to a drug-trafficking crime. In her § 2255 motion, however, she maintained she was actually innocent of the firearm offense, 18 U.S.C. § 924(c), under the rationale of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995), because, she said, she did not "actively employ" the gun during her offense.

*Bailey*, however, has little application to Albin, because *Bailey* led to the amendment of the 18 U.S.C. § 924(c) to expand the conduct covered by the statute. Post-*Bailey*, there are two ways to violate § 924(c), and Albin's conduct violated both ways – (1) carrying or using a firearm during and in relation to a drug-trafficking offense, and (2) possessing a firearm in furtherance of a drug-trafficking offense. The facts underlying Albin's guilty plea showed she was arrested while driving a car carrying large amounts of methamphetamine and cocaine and that a Glock 9mm pistol was found inside the car.

Albin now disavows knowledge of facts she admitted to in the plea agreement she signed and represented to the court she understood when pleading guilty. Therefore, the court agrees with the Magistrate Judge's rejection of Albin's claim of actual innocence.

For the foregoing reasons, the court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby ORDERED as follows:

1. Petitioner's Objection is OVERRULED.

2. This 28 U.S.C. § 2255 motion is DENIED, as it was not filed within the controlling federal limitation period, and this case is DISMISSED with prejudice.

DONE this 19th day of September, 2014.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE